ORIGINAL

FILED

08 MAY 14 PM 3: 51

CLERK. U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

cf

BY:                          DEPUTY

1  Christopher C. Hoffman (CA Bar No.:176334)
       choffman@laborlawyers.com
2  Megan C. Winter (CA Bar No.: 241429)
       mwinter@laborlawyers.com
3  FISHER & PHILLIPS LLP
   4225 Executive Square, Suite 950
4  La Jolla, California 92037
   Telephone (858) 597-9600
5  Facsimile (858) 597-9601

6  Attorney for Defendant
   SEPRACOR INC. (erroneously sued as Sepracor, Inc.)
7

8              **UNITED STATES DISTRICT COURT**

9            **SOUTHERN DISTRICT OF CALIFORNIA**

10

11  AMY SHERLOCK, an individual,            )  Case No. **08 CV 0865 WQH (POR)**
                                            )
12                    Plaintiff,            )  [Removed from State Court
                                            )  Case No.: 37-2008-00081814-CU-WT-CTL]
13        vs.                               )
                                            )  **DEFENDANT SEPRACOR INC.'S**
14  SEPRACOR, INC.; and DOES 1 TO 50,       )  **NOTICE OF REMOVAL OF ACTION TO**
    inclusive,                              )  **THE UNITED STATES DISTRICT**
15                                          )  **COURT OF THE SOUTHERN DISTRICT**
                      Defendants.           )  **OF CALIFORNIA**
16                                          )
                                            )  **(Diversity Jurisdiction)**
17                                          )
                                            )  COMPLAINT FILED: 4/14/08
18  _____        )

19

20        TO  PLAINTIFF  AMY  SHERLOCK,  AND  THE  CLERK  OF  THE  ABOVE-

21  ENTITLED COURT:

22        PLEASE TAKE NOTICE that Defendant Sepracor Inc. ("Sepracor") ("Defendant")

23  hereby removes the above-referenced action of plaintiff Amy Sherlock ("Plaintiff") from the

24  San Diego Superior Court to the United States District Court for the Southern District of

25  California pursuant to 28 U.S.C. §§ 1441 and 1446.  In support of removal, Defendant states

26  as follows:

27        ///

28        ///

## PROCEDURAL HISTORY

1.        On April 11, 2008, Plaintiff filed a Complaint in the Superior Court of the State of California for the County of San Diego, entitled *Amy Sherlock v. Sepracor, Inc.; and DOES 1 to 50*, San Diego Superior Court Case No. 37-2008-00081814-CU-WT-CTL (the "Complaint").   The Complaint alleges claims for (1) wrongful termination in violation of public policy and (2) retaliation.

2.        On or about April 14, 2008, Plaintiff served the Summons and Complaint on Sepracor via personal service. A copy of the Summons and Complaint that were served on Sepracor is attached to this Notice as **Exhibit A**.

3.        Sepracor filed an Answer to the Complaint in San Diego Superior Court on May 14, 2008.  A copy of Sepracor's Answer is attached as **Exhibit B**.  Plaintiff's Complaint and Defendant's Answer are the only pleadings, process or orders that were served on Sepracor.

## TIMELINESS OF REMOVAL

4.        Service of the Complaint upon Sepracor was effective on April 14, 2008.

5.        This Notice of Removal is timely filed because it has been filed within 30 days of receipt by proper service as required by 28 U.S.C. §1446(b).

## BASIS FOR REMOVAL JURISDICTION

6.        This Court has diversity jurisdiction over this action pursuant to 28 U.S.C. §1332 because Plaintiff and Defendant are citizens of different states, no defendant is a citizen of California, and the amount in controversy exceeds $75,000 exclusive of interests and costs. Accordingly, this case may be removed to this Court under 28 U.S.C. §§1441(a) and 1446(b).

### A.    Diversity of Citizenship

7.        Plaintiff is a citizen of the state of California.  Plaintiff currently resides in San Diego, California and at all times relevant to the Complaint she resided and worked in San Diego, California.

8.        Sepracor is, and at all relevant times was a corporation organized and existing under the laws of the State of Delaware with its principal place of business in Marlborough,

1    Massachusetts. *See* Declaration of Mark Wanda ("Wanda Decl.") attached hereto as **Exhibit**

2    **C**, at ¶¶3, 4.  Accordingly, Sepracor is a citizen of Delaware and Massachusetts.[1]

3                        **B.    Amount in Controversy**

4         9.        The amount in controversy in this action exceeds the $75,000 minimum

5    required by 28 U.S.C. § 1332(a).  As Plaintiff alleges in the Complaint, she seeks to recover

6    lost wages, loss of employment benefits, and damage to earning capacity from September

7    2007 to the present. She also seeks general damages for pain and suffering, special damages,

8    and recovery for damage to reputation.  Complaint, Exh. A, ¶¶ 5J, 10-13, 17-20; Prayer for

9    Relief.

10        10.       In addition, Plaintiff seeks to recover her attorneys' fees.

11        11.       Plaintiff also seeks to recover punitive damages to punish Sepracor for

12    Sepracor's alleged conduct.

13        12.       For these reasons, the amount Plaintiff seeks to recover against Sepracor,

14    exclusive of interests and costs, exceeds the $75,000 jurisdictional minimum of this Court.

15                    **NOTICE PROVIDED TO STATE COURT**

16        13.       Pursuant to 28 U.S.C. §1446(d), Sepracor served written notice of Removal to

17    Plaintiff and has filed a copy of this notice with the clerk of the Superior Court of California,

18    County of San Diego, from which this case was removed. A copy of the Notice of Filing

19    Petition for Removal is attached as **Exhibit D** and a copy of the Notice to Adverse Parties is

20    attached as **Exhibit E**.

21    ///

22    ///

23    ///

24    ///

25    ///

26

27
---
[1] The Complaint also names as Defendants DOES 1 through 50, inclusive ("Doe Defendants").  Pursuant to 28

28    U.S.C. § 1441(a), the citizenship of Doe Defendants is disregarded.  For this reason, this Notice of Removal does not discuss the citizenship of Doe Defendants.

1    ///

2         Thus, Sepracor respectfully requests that the above-mentioned litigation, now pending

3    before the Superior Court of the State of California, San Diego County, be removed to this

4    court based on diversity jurisdiction.

5

6                                              FISHER & PHILLIPS LLP

7

8    Dated: May 14, 2008              By:
                                              CHRISTOPHER C. HOFFMAN
9                                             MEGAN C. WINTER
                                              Attorneys for Defendant
10                                            Sepracor Inc.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

---

4

DEFENDANT SEPRACOR INC'S NOTICE OF REMOVAL

SUM-100

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
SEPRACOR, INC. AND DOES 1 THROUGH 50, INCLUSIVE

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
AMY SHERLOCK

F I L E D
Clerk of the Superior Court

APR 1 4 2008

By _____ Deputy

---

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

---

The name and address of the court is:
*(El nombre y dirección de la corte es):*
San Diego Superior Court of California
330 West Broadway; San Diego, CA 92101

CASE NUMBER:
*(Número del Caso):* 37-2008-00081814-CU-WT-CTL

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Michael K. Newlee, Esq., 3990 Old Town Avenue, Suite 200A; San Diego, CA 92110

DATE: APR 1 4 2008                     Clerk, by _____, Deputy
*(Fecha)*                              *(Secretario)* D. SMITH        *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify)*:

3. ☐ on behalf of *(specify)*:

   under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
          ☐ other *(specify)*:
4. ☐ by personal delivery on *(date)*:

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
American LegalNet, Inc. | www.USCourtForms.com

EXHIBIT A



FILED
CIVIL BUSINESS OFFICE 14
CENTRAL DIVISION

08 APR 11 PH 2: 19

CLERK-SUPERIOR COURT
SAN DIEGO COUNTY, CA

1  Michael K. Newlee, Esq. (SBN 109713)
   LAW OFFICE OF MICHAEL K. NEWLEE
2  3990 Old Town Avenue, Suite 200A
   San Diego, California 92110
3  Telephone:    (619) 291-9590
   Facsimile:    (619) 291-2866
4

5  Attorney for Plaintiff, AMY SHERLOCK

6

7

8               SUPERIOR COURT FOR THE STATE OF CALIFORNIA

9                          COUNTY OF SAN DIEGO

10                          CENTRAL DIVISION

11
   AMY SHERLOCK,                        ) Case No.:    37-2008-00081814-CU-WT-CTL
12                                       )
              Plaintiff,                 )
13                                       )
       vs.                               ) COMPLAINT FOR WRONGFUL TERMINATION
14                                       ) IN VIOLATION OF PUBLIC POLICY(HOSTILE
                                         ) WORK ENVIRONMENT); RETALIATION
15  SEPRACOR, INC, and DOES 1 through 50,)
   Inclusive,                           )
16                                       )
              Defendants.                )
17                                       )
                                         )
18  _____ )

19

20       Plaintiff, AMY SHERLOCK, alleges as follows:

21                 FACTS COMMON TO ALL CAUSES OF ACTION

22       1.       At all times mentioned herein, Defendant SEPRACOR, INC. was a corporation

23  doing business in the County of San Diego, California.

24       2.       Plaintiff is unaware of the names of Defendants sued as DOES 1 through

25  50, and therefore sues these defendants under fictitious names pursuant to CCP §474. Plaintiff

26  is informed and believes, and thereon alleges, that each person sued under this fictitious

27  designation was in some manner legally responsible for the damages as set forth below, and in

28  doing those things complained of was acting as the agent, servant, partner, and/or employee of

                                       -1-
                   COMPLAINT FOR WRONGFUL TERMINATION

1    each of the co-defendants, and in doing the actions mentioned herein below, was acting under

2    the course and scope of his or her authority as such agent, servant, partner, and/or employee,

3    and with the permission and consent of each co-defendant.

4           3.      Plaintiff was hired by Defendants, as a pharmaceutical sales representative in

5    March, 2006. At all times referenced herein, Plaintiff performed her job in an exemplary manner,

6    and solely for the benefit of Defendant Sepracor, Inc.;

7           4.      From approximately November 2006 through and including September 2007

8    Plaintiff was subjected to a hostile work environment by other employees and managers at

9    Sepracor, Inc., including but not limited to her immediate supervisor, Julia Gawel and her co-

10    worker, John Lutters;

11           5.      Among other things, Defendant Sepracor Inc., through Julia Gawel:

12           A.      Forced Ms. Sherlock to do the work of a three person team by herself knowing she

13    had broken her back and was recovering from that broken back. Ms. Sherlock was informed that

14    she was expected to have the sales numbers of a three person team despite the fact that she

15    was only one person and had only recently been trained for the position;

16           B.      Instructed Plaintiff through Julia Gawel at the behest and request of Sepracor, Inc.,

17    to spy on co-worker John Lutters in order to obtain enough information for Sepracor, Inc., to fire

18    Mr. Lutters. even though this conduct would be unethical, immoral, and illegal and known by

19    Sepracor to be so. Plaintiff was instructed that this conduct was part of her job and one of the

20    reasons she was hired as opposed to others who had applied for the position;

21           C.      Paired Plaintiff with John Lutters at a time when Sepracor, Inc. knew or should have

22    known that Mr. Lutters had significant behavioral problems, including substance abuse and anger

23    management issues. Even though the territory where Plaintiff and Mr. Lutters worked was

24    supposed to be a three person territory, Plaintiff worked that territory with Mr. Lutters alone;

25           D.      Forced Plaintiff to document Mr. Lutters' lack of dedication, diligence, and attention

26    to his job as one of the requirements of her current employment with Defendant;

27           E.      Forced Plaintiff to continue to work with Mr. Letter's after Mr. Lutters sexually

28    harassed Plaintiff by making rude jokes concerning the size of his penis in the presence of clients

-2-

1  of the company;

2      F.      Forced Plaintiff to continue to work with Mr. Lutters after Mr. Lutters threatened

3  physical violence against Plaintiff;

4      G.      Forced Plaintiff to continue to work with Mr. Lutters after Plaintiff reported to the

5  company her own personal observations that Mr. Lutters was under the influence of stimulants

6  and/or rave drugs while at work in clients' offices which she was required to do under Defendant's

7  policies;

8      H.      Transferred Plaintiff to an undesirable territory farther from her home and at

9  significant physical pain for Plaintiff because of her broken back after she requested that Mr.

10  Lutters be transferred;

11      I.      Transferred Plaintiff to a less desirable territory to work with partners whom she had

12  specifically indicated she did not want to work with at the time of her hire.  The partner, Vivane

13  Mason, had also requested that she not work with Plaintiff at the time of her hire.  Nevertheless,

14  when Plaintiff requested that Mr. Lutters be transferred, the company placed these two

15  antagonists together;

16      J.      Other and further acts of harassment including but not limited to being demeaned,

17  and belittled by her supervisor, human relations personnel, and her manager.

18      Due to the unrelenting negative actions taken against her by the company in spite of

19  Plaintiffs exemplary performance, Plaintiff became distressed, depressed, and exceedingly

20  stressed over her employment.  Ultimately, she was advised to leave the company for the

21  preservation of her own health and she did so in September, 2007.

22
23                          **FIRST CAUSE OF ACTION**

24      **WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY**
        **HOSTILE WORK ENVIRONMENT**

25      6.      Plaintiff realleges and incorporates by reference all of the preceding allegations of

26  the Complaint as though set forth in full herein;

27
28
                                    -3-

7.    The allegations set forth in paragraphs 1 through 5 constitute a hostile work environment. This hostile work environment was allowed to exist and perpetuated by both the manager and the Defendant company itself, and ratified by those in a position to correct it. Defendants' knew or should have known that by creating and perpetuating this hostile work environment that persons similarly situated to Plaintiff could not be reasonably expected to work in the environment and was done with the purpose of forcing Plaintiff to quit. Plaintiff, and any reasonable person similarly situated to Plaintiff would have been unable to tolerate the hostile work environment created. The hostile work environment directly caused Plaintiff to quit and thus to be constructively terminated by the company;

8.    Such wrongful discharge in violation of public policy was a substantial factor in causing damages and injuries to Plaintiff as set forth below;

9.    The policy of this state prohibits creation and perpetuation of a hostile work environment. When Defendants created and perpetuated the hostile work environment directed against Plaintiff and those similarly situated as her, and refused to correct or take steps to correct the problem, they violated the public policy of this state. This violation also resulted in damages and injury to Plaintiff as alleged herein;

10.    As a further proximate result of Defendants willful, knowing and intentional creation of a hostile work environment Plaintiff has suffered and will continue to suffer financial losses and earnings and suffered damage to her earning capacity and lost other valuable employment benefits;

11. As a further proximate result of the conduct of Defendants in creating and perpetuating a hostile work environment, and in forcing Plaintiff to terminate her employment with Defendants, Plaintiff has suffered and continues to suffer damage to her reputation as a pharmaceutical representative in an amount according to proof.

12. As a further proximate result of the conduct of Defendants in creating and perpetuating a hostile work environment and forcing Plaintiff to terminate her employment with Defendants, Plaintiff has incurred and continues to incur legal expenses and attorneys fees and costs in an amount according to proof at the time of trial.

-4-

COMPLAINT FOR WRONGFUL TERMINATION

13.  Defendants conduct as described above in creating and perpetuating a hostile work environment was intentional, willful, malicious, oppressive and done with a conscious disregard of the rights of Plaintiff so as to entitle Plaintiff to punitive and exemplary damages in an amount sufficient to punish Defendants and make an example of them.

## SECOND CAUSE OF ACTION

### RETALIATION

14.  Plaintiff re-alleges and incorporates by reference each and every allegation set forth in paragraphs 1 through 13, inclusive as if set forth in full.

15.  The conduct set forth in Paragraph 5, subsections H, I, and J constitute retaliation against Plaintiff by Defendant for Plaintiffs performance of the conduct set forth in Paragraph 5, subsections A through G at the Defendants request and insistence.  Plaintiff is informed and believes and thereon alleges that Defendant took this retaliatory action against Plaintiff in response to reports by made by John Lutters that Plaintiff was engaging in conduct which, unbeknownst to Mr. Lutters, had been requested by the company as a way of trying to appease Mr. Lutters.

16.  The policy of this state prohibits retaliation against employees who report illegal, immoral, and unethical acts, especially but not limited to acts such as those set forth in paragraph 5 of this complaint.  When Defendants retaliated against Plaintiff through the actions of its employees, and refused to correct or take steps to correct the problem, they violated the public policy of this state.  This violation also resulted in damages and injury to Plaintiff as alleged herein;

17.  As a further proximate result of Defendants willful, knowing and retaliation against Plaintiff,  Plaintiff has suffered and will continue to suffer financial losses and earnings and suffered damage to her earning capacity and lost other valuable employment benefits;

18. As a further proximate result of the conduct of Defendants in retaliating against Plaintiff, and in forcing Plaintiff to terminate her employment with Defendants, Plaintiff has suffered and continues to suffer damage to her reputation as a pharmaceutical representative in an amount

1  according to proof.

2      19.  As a further proximate result of the conduct of Defendants retaliating against Plaintiff

3  and forcing Plaintiff to terminate her employment with Defendants, Plaintiff has incurred and

4  continues to incur legal expenses and attorneys fees and costs in an amount according to proof at

5  the time of trial.

6      20.  Defendants conduct as described above retaliating against Plaintiff was intentional,

7  willful, malicious, oppressive and done with a conscious disregard of the rights of Plaintiff so as to

8  entitle Plaintiff to punitive and exemplary damages in an amount sufficient to punish Defendants

9  and make an example of them.

10     21.   Attached as Exhibit "A" to this Complaint is Plaintiff's Right to Sue letter from the

11  DFEH.

12     Wherefore, Plaintiff prays damages against Defendants, and each of them, as follows:

13     1.  General Damages according to proof at the time of trial;

14     2.  Special Damages according to proof at the time of trial;

15     3.  Lost wages and damage to earning capacity according to proof at the time of trial;

16     4.  Attorneys fees according to proof at the time of trial;

17     5.  Damage to reputation according to proof at the time of trial;

18     6.  Punitive Damages according to proof at the time of trial;

19     7.  Such other and further relief as the Court deems just and proper.

20

21  DATED:  April 10, 2008              LAW OFFICES OF MICHAEL K. NEWLEE

22

23                                     By:_____

24                                         MICHAEL K. NEWLEE
                                           Attorney for Plaintiff, AMY SHERLOCK

25

26

27

28
                                          -6-

STATE OF CALIFORNIA - STATE AND CONSUMER SERVICE    CY                    ARNOLD SCHWARZENEGGER, Governor

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**
1350 Front Street, Suite 3005 San Diego, CA 92101
(619) 645-2681 TTY (800) 700-2320 Fax (619) 645-2683
www.dfeh.ca.gov



March 28, 2008


AMY SHERLOCK
3990 Old Town Avenue Ste 200A
San Diego, CA 92110

RE:    E200708D1255-00-sc
       SHERLOCK/SEPRACOR INC.

Dear AMY SHERLOCK:

### NOTICE OF CASE CLOSURE

This letter informs that the above-referenced complaint that was filed with the
Department of Fair Employment and Housing (DFEH) has been closed effective
March 17, 2008 because an immediate right-to-sue notice was requested. DFEH
will take no further action on the complaint.

This letter is also the Right-To-Sue Notice. According to Government Code section
12965, subdivision (b), a civil action may be brought under the provisions of the
Fair Employment and Housing Act against the person, employer, labor organization
or employment agency named in the above-referenced complaint. The civil action
must be filed within one year from the date of this letter.

If a federal notice of Right-To-Sue is wanted, the U.S. Equal Employment
Opportunity Commission (EEOC) must be visited to file a complaint within 30 days
of receipt of this DFEH *Notice of Case Closure* or within 300 days of the alleged
discriminatory act, whichever is earlier.

"A"

Notice of Case Closure
Page Two

DFEH does not retain case files beyond three years after a complaint is filed, unless the case is still open at the end of the three-year period.

Sincerely,

*Belinda LeDoux*

Belinda LeDoux
District Administrator

cc:    Case File

Director
Human Resources/Personnel
SEPRACOR INC.
84 Waterford Drive
Marlborough, MA  01752

DFEH-200-43 (06/06)

"A"

1  Christopher C. Hoffman, Bar No. 176334
   Megan C. Winter, Bar No. 241429
2  FISHER & PHILLIPS LLP
   4225 Executive Square, Suite 950
3  La Jolla, California 92037
   Telephone:     (858) 597-9600
4  Facsimile:     (858) 597-9601

5  Attorneys for Defendant
   SEPRACOR INC. (erroneously sued as Sepracor, Inc.)

6

7

8              **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9              **COUNTY OF SAN DIEGO – CENTRAL DIVISION**

10

11  AMY SHERLOCK,                          | **CASE NO.: 37-2008-00081814-CU-WT-CTL**

12                          Plaintiff,     | **Assigned to:**
                                           | **Dept.:**
13  vs.

14  SEPRACOR, INC.; and DOES 1 through     | **DEFENDANT SEPRACOR INC.'S ANSWER TO**
    50 inclusive,                          | **PLAINTIFF'S COMPLAINT**
15
                          Defendants.
16
                                          | **Complaint filed: April 11, 2008**
17

18

19        Defendant SEPRACOR INC ("Defendant"), for itself alone and for no other parties, responds

20  to Plaintiff AMY SHERLOCK's Complaint as follows:

21                                    **ANSWER**

22        Pursuant to California Code of Civil Procedure section 431.30, subdivision (d), Defendant

23  generally denies each and every allegation and cause of action in Plaintiff's unverified Complaint.

24                          **FIRST AFFIRMATIVE DEFENSE**

25        Plaintiff's complaint, and each and every cause of action therein, fails to state facts sufficient

26  to constitute any cause of action against Defendant.

27                         **SECOND AFFIRMATIVE DEFENSE**

28        The acts of any other Defendants, including fictitiously named Does 1 through 50, of which

---

SanDiego 35803.1                    SEPRACOR INC.'S ANSWER        **EXHIBIT B**

1  Plaintiff complains, were all undertaken outside the scope of their agency and/or employment with

2  Defendant and without the knowledge or consent of Defendant, and Defendant may not be held

3  liable for them.

### THIRD AFFIRMATIVE DEFENSE

5      To the extent any of the acts alleged in the Complaint did occur, which Defendant denies,

6  they were done with the consent, full knowledge, and concurrence of Plaintiff.

### FOURTH AFFIRMATIVE DEFENSE

8      Plaintiff's complaint, and each and every cause of action therein, is barred by the applicable

9  statute of limitations, including but not limited to: Code of Civil Procedure section 335.1,

10  subdivision (a), and California Government Code sections 12960 and 12965.

### FIFTH AFFIRMATIVE DEFENSE

12      Plaintiff's claims are barred by Plaintiff's failure to exhaust administrative remedies and/or

13  internal grievance procedures.

### SIXTH AFFIRMATIVE DEFENSE

15      To the extent Plaintiff suffered any symptoms of mental or emotional distress or injury, they

16  were the result of a pre-existing psychological disorder or alternative concurrent cause, and not the

17  result of any act or omission of Defendant.

### SEVENTH AFFIRMATIVE DEFENSE

19      Plaintiff's claims are barred because her perception of conduct alleged to constitute

20  harassment was not reasonable.

### EIGHTH AFFIRMATIVE DEFENSE

22      Plaintiff's claims are barred because alleged incidents of harassment were not sufficiently

23  severe or pervasive so as to alter the terms and conditions of Plaintiff's employment and create an

24  abusive work environment.

### NINTH AFFIRMATIVE DEFENSE

26      Defendant exercised reasonable care to prevent and promptly correct any allegedly harassing

27  behavior.

28  ///

SEPRACOR INC.'S ANSWER

### TENTH AFFIRMATIVE DEFENSE

Plaintiff unreasonably failed to take advantage of any preventive or corrective opportunities provided by Defendant or to otherwise avoid harm.

### ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's reasonable use of Defendant's procedures to prevent and/or correct the allegedly harassing behavior would have been prevented all or some of the alleged harm she claims to have suffered.

### TWELFTH AFFIRMATIVE DEFENSE

Defendant did not authorize, direct, participate, ratify in any alleged discriminatory or harassing behavior.

### THIRTEENTH AFFIRMATIVE DEFENSE

Any recovery on Plaintiff's Complaint, or any purported cause of action alleged therein, is barred in whole or in part by Plaintiff's failure to mitigate her damages.

### FOURTEENTH AFFIRMATIVE DEFENSE

Any recovery on Plaintiff's Complaint or any purported cause of action alleged therein, is barred in whole or in part by after-acquired evidence which independently justified Plaintiff's separation of employment.

### FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to recover punitive or exemplary damages from Defendant on the grounds that any award of punitive or exemplary damages would violate Defendant's constitutional rights under the Due Process Clauses of the Fifth and Fourteenth Amendments of the United States Constitution.

### RESERVATION OF RIGHTS

Plaintiff has failed to set out her claims with sufficient particularity to permit Defendant to raise all appropriate defenses and, thus, Defendant reserves the right to add additional defenses when Plaintiff's purported claims become known.

///

///

SanDiego 35803.1

1    WHEREFORE, this answering Defendant prays as follows:

2    1.    That Plaintiff take nothing by her Complaint for damages;

3    2.    That Plaintiff's Complaint herein be dismissed in its entirety with prejudice;

4    3.    That Defendant recover its costs of suit herein, including its reasonable attorneys'

5 fees; and

6    4.    That the Court award such other and further relief as it deems appropriate.

7

8                                          FISHER & PHILLIPS LLP

9
Date: May 14, 2008                    By: _Megan C. Winter_
10                                         CHRISTOPHER C. HOFFMAN
                                           MEGAN C. WINTER
11                                         Attorneys for Defendant
                                           Sepracor Inc.
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

4

SanDiego 35803.1

**PROOF OF SERVICE**
(C.C.P. § 1013(a) and § 2015.5)

STATE OF CALIFORNIA    )
                        )
COUNTY OF SAN DIEGO  )

     I am employed in the County of San Diego, State of California.  I am over the age of eighteen years and not a party to the within action.  I am employed with the law offices of Fisher & Phillips LLP and my business address is 4225 Executive Square, Suite 950, La Jolla, California 92037.

     On May 14, 2008, I caused the within document(s) entitled: **ANSWER OF SEPRACOR INC. TO PLAINTIFF'S COMPLAINT FOR WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY (HOSTILE WORK ENVIRONMENT); RETALIATION;** to be served on all interested parties in this action by placing [ ] the original / *[X] a true copy* thereof, in a sealed envelope addressed as follows:

Michael K. Newlee, Esq.                  Attorney for Plaintiff
Law Office of Michael K. Newlee        Amy Sherlock
3990 Old Town Avenue, Suite 200A
San Diego, CA 92110
619/291-2866 fax

[X]   **MAIL**  -  I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at La Jolla, California in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing an affidavit.

[ ]   **FAX** - I caused the document(s) listed above to be telefaxed to the aforementioned facsimile number(s).
*The facsimile machine I used complied with California Rules of Court, Rule 2003(3) and no error was reported by the machine.  Pursuant to California Rules of Court, Rule 2005(i), I caused the machine to print a transmission record of the transmission, a copy of which is attached to this declaration.*

[ ]   **BY PERSONAL SERVICE**  -  Such envelope(s) were delivered by hand to the individuals listed above.

[X]   **STATE**  -  I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on May 14, 2008, at La Jolla, California.

Marcie Hawkins

SanDiego 35864.1

1   Christopher C. Hoffman (CA Bar No.:176334)
         choffman@laborlawyers.com
2   Megan C. Winter (CA Bar No.: 241429)
         mwinter@laborlawyers.com
3   FISHER & PHILLIPS LLP
    4225 Executive Square, Suite 950
4   La Jolla, California 92037
    Telephone (858) 597-9600
5   Facsimile (858) 597-9601

6   Attorney for Defendant
    SEPRACOR, INC.

7

8                  UNITED STATES DISTRICT COURT

9                 SOUTHERN DISTRICT OF CALIFORNIA

10

11  AMY SHERLOCK, an individual,        )   Case No.:
                                        )
12                      Plaintiff,      )   [Removed from State Court
                                        )   Case No.: 37-2008-00081814-CU-WT-CTL]
13        vs.                           )
                                        )   DECLARATION OF MARK WANDA IN
14  SEPRACOR, INC.; and DOES 1 TO 50,   )   SUPPORT OF SEPRACOR INC.'S
    inclusive,                          )   NOTICE OF REMOVAL OF ACTION TO
15                                      )   THE UNITED STATES DISTRICT
                        Defendants.     )   COURT OF THE SOUTHERN DISTRICT
16                                      )   OF CALIFORNIA
                                        )
17                                      )   (Diversity Jurisdiction)
                                        )
18                                      )   COMPLAINT FILED: 4/14/08

19        I, Mark Wanda, declare as follows:

20        1.      I am Deputy General Counsel for Defendant Sepracor, Inc. ("Sepracor").  I

21  have personal knowledge of the facts set forth herein and, if called as a witness, I could and

22  would competently testify thereto.

23        2.      Plaintiff Amy Sherlock was employed by Sepracor in San Diego, California

24  from November 2006 – September 2007.

25        3.      Sepracor's principal place of business is located Marlborough, Massachusetts.

26  The day-to-day management, administrative and executive functions of Sepracor are

27  performed out of the Massachusetts office.

28        4.      Sepracor is currently and always has been a corporation organized and existing

---

DECLARATION OF MARK WANDA IN SUPPORT OF DEF. SEPRACOR, INC'S NOTICE OF REMOVAL

EXHIBIT C

1  under the laws of the State of Delaware.

2      5.    Sepracor has never been a California corporation. Sepracor is simply

3  authorized to transact business in the State of California as a foreign corporation.

4      I declare under penalty of perjury under the laws of the state of Massachusetts that the

5  foregoing is true and correct.

6      Executed this 13th day of May 2008 at   1:40 pm          .

7

8                      _Mark Wanda_

9                    Mark Wanda

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DECLARATION OF MARK WANDA IN SUPPORT OF DEF. SEPRACOR, INC'S NOTICE OF REMOVAL

**PROOF OF SERVICE**
(C.C.P. § 1013(a) and § 2015.5)

STATE OF CALIFORNIA    )
                       )
COUNTY OF SAN DIEGO  )

      I am employed in the County of San Diego, State of California.  I am over the age of eighteen years and not a party to the within action.  I am employed with the law offices of Fisher & Phillips LLP and my business address is 4225 Executive Square, Suite 950, La Jolla, California 92037.

      On May 14, 2008, I caused the within document(s) entitled: **DECLARATION OF MARK WANDA IN SUPPORT OF SEPRACOR INC.'S NOTICE OF REMOVAL TO FEDERAL COURT;** to be served on all interested parties in this action by placing [ ]   the original / *[X] a true copy* thereof, in a sealed envelope addressed as follows:

Michael K. Newlee, Esq.                          Attorney for Plaintiff
Law Office of Michael K. Newlee                  Amy Sherlock
3990 Old Town Avenue, Suite 200A
San Diego, CA 92110
619/291-2866 fax

[X]   **MAIL** -  I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at La Jolla, California in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing an affidavit.

[ ]   **FAX** - I caused the document(s) listed above to be telefaxed to the aforementioned facsimile number(s).
   *The facsimile machine I used complied with California Rules of Court, Rule 2003(3) and no error was reported by the machine.  Pursuant to California Rules of Court, Rule 2005(i), I caused the machine to print a transmission record of the transmission, a copy of which is attached to this declaration.*

[ ]   **BY PERSONAL SERVICE** -  Such envelope(s) were delivered by hand to the individuals listed above.

[X]   **STATE** - I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on May 14, 2008, at La Jolla, California.

Marcie Hawkins

SanDiego 35864.1

Exhibit D

1  Christopher C. Hoffman, Bar No. 176334
   Megan C. Winter, Bar No. 241429
2  FISHER & PHILLIPS LLP
   4225 Executive Square, Suite 950
3  San Diego, California 92037
   Telephone:    (858) 597-9600
4  Facsimile:    (858) 597-9601

5  Attorneys for Defendant
   SEPRACOR INC. (erroneously sued as Sepracor, Inc.)
6

7

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                  COUNTY OF SAN DIEGO-CENTRAL

10

11  AMY SHERLOCK, an individual          Case No.  37-2008-00081814-CU-WT-CTL

12              Plaintiff,               *Unlimited Jurisdiction*

13  vs.                                  DEFENDANT SEPRACOR INC.'S NOTICE
                                         OF FILING PETITION FOR REMOVAL
14  SEPRACOR, INC.; and DOES 1 through   TO FEDERAL COURT
    50, inclusive,
15                                       Complaint Filed: April 14, 2008
              Defendant.
16

17

18

19

20

21         TO THE CLERK OF THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

22  FOR THE COUNTY OF SAN DIEGO:

23         PLEASE TAKE NOTICE THAT on May 14, 2008, pursuant to 28 U.S.C. §1446(d),

24  Defendant Sepracor Inc., by and through its attorneys, filed with the United States District Court

25  for the Southern District of California, its Notice of Removal of this action, a true and correct

26  copy of which is attached hereto as Exhibit A.  Pursuant to 28 U.S.C. §1446(d), the filing of the

27  aforesaid Notice of Removal in the District Court, together with the filing of this Notice with this

28  Court, effects the removal of this action, and this Court may not proceed further with the above-

                                        1
                 NOTICE OF FILING PETITION FOR REMOVAL

EXHIBIT  D

1 │ captioned litigation unless and until the case is remanded.

2

3

                                     FISHER & PHILLIPS LLP

4

5 │ DATED: May __14__, 2008

6                                  By:_____
                                      CHRISTOPHER C. HOFFMAN

7                                       MEGAN C. WINTER
                                      Attorneys for Defendant
                                      SEPRACOR INC.

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

NOTICE OF FILING PETITION FOR REMOVAL

SanDiego 35807.1

**PROOF OF SERVICE**
(C.C.P. § 1013(a) and § 2015.5)

STATE OF CALIFORNIA    )
                       )
COUNTY OF SAN DIEGO    )

     I am employed in the County of San Diego, State of California. I am over the age of eighteen years and not a party to the within action. I am employed with the law offices of Fisher & Phillips LLP and my business address is 4225 Executive Square, Suite 950, La Jolla, California 92037.

     On May 14, 2008, I caused the within document(s) entitled: **DEFENDANT SEPRACOR INC'S NOTICE OF FILING PETITION FOR REMOVAL TO FEDERAL COURT**; to be served on all interested parties in this action by placing [ ] the original / *[X] a true copy* thereof, in a sealed envelope addressed as follows:

Michael K. Newlee, Esq.                  Attorney for Plaintiff
Law Office of Michael K. Newlee          Amy Sherlock
3990 Old Town Avenue, Suite 200A
San Diego, CA 92110
619/291-2866 fax

[X]   **MAIL** - I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at La Jolla, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing an affidavit.

[ ]   **FAX** - I caused the document(s) listed above to be telefaxed to the aforementioned facsimile number(s).
   *The facsimile machine I used complied with California Rules of Court, Rule 2003(3) and no error was reported by the machine. Pursuant to California Rules of Court, Rule 2005(i), I caused the machine to print a transmission record of the transmission, a copy of which is attached to this declaration.*

[ ]   **BY PERSONAL SERVICE** - Such envelope(s) were delivered by hand to the individuals listed above.

[X]   **STATE** - I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on May 14, 2008, at La Jolla, California.

Marcie Hawkins

SanDiego 35864.1

1 | Christopher C. Hoffman (CA Bar No.:176334)
Megan C. Winter (CA Bar No.: 241429)
2 | FISHER & PHILLIPS LLP
4225 Executive Square, Suite 950
3 | La Jolla, California 92037
Telephone (858) 597-9600
4 | Facsimile (858) 597-9601

5 | Attorney for Defendant
Sepracor Inc. (erroneously sued as Sepracor, Inc.)

6

7

8 | **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9 | **COUNTY OF SAN DIEGO – CENTRAL**

10

11 | AMY SHERLOCK, an individual,                )   Case No.: 37-2008-00081814-CU-WT-CTL
                                              )
12 |                           Plaintiff,        )   **Assigned to:**
                                              )   **Dept.:**
13 |       vs.                                 )
                                              )   **NOTICE TO ADVERSE PARTIES OF**
14 | SEPRACOR, INC., and DOES 1 to 50,         )   **REMOVAL TO FEDERAL COURT**
inclusive,                                  )
15 |                                           )
                                              )   COMPLAINT FILED: 4/14/08
16 |                           Defendants.      )
                                              )

17

18 |       TO PLAINTIFF AMY SHERLOCK:

19 |       PLEASE TAKE NOTICE THAT a Notice of Removal of this action was filed on May

20 | 14, 2008, in the United States District Court for the Southern District of California. A copy of

21 | the said Notice of Removal is attached to this Notice as Exhibit "A", and is served and filed

22 | herewith.

23 |                                           FISHER & PHILLIPS LLP

24 |
Dated: May 14, 2008                 By: *Megan C. Winter*
25 |                                           CHRISTOPHER C. HOFFMAN
                                            MEGAN C. WINTER
26 |                                           Attorneys for Defendant
                                            SEPRACOR INC.

27

28 |                                           EXHIBIT *E*

---

NOTICE TO ADVERSE PARTIES OF REMOVAL TO FEDERAL COURT

**PROOF OF SERVICE**
(C.C.P. § 1013(a) and § 2015.5)

STATE OF CALIFORNIA    )
                       )
COUNTY OF SAN DIEGO   )

I am employed in the County of San Diego, State of California. I am over the age of eighteen years and not a party to the within action. I am employed with the law offices of Fisher & Phillips LLP and my business address is 4225 Executive Square, Suite 950, La Jolla, California 92037.

On May 14, 2008, I caused the within document(s) entitled: **NOTICE TO ADVERSE PARTIES OF REMOVAL TO FEDERAL COURT;** to be served on all interested parties in this action by placing [ ] the original / *[X] a true copy* thereof, in a sealed envelope addressed as follows:

Michael K. Newlee, Esq.                Attorney for Plaintiff
Law Office of Michael K. Newlee        Amy Sherlock
3990 Old Town Avenue, Suite 200A
San Diego, CA 92110
619/291-2866 fax

[X]    **MAIL** - I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at La Jolla, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing an affidavit.

[ ]    **FAX** - I caused the document(s) listed above to be telefaxed to the aforementioned facsimile number(s).
*The facsimile machine I used complied with California Rules of Court, Rule 2003(3) and no error was reported by the machine. Pursuant to California Rules of Court, Rule 2005(i), I caused the machine to print a transmission record of the transmission, a copy of which is attached to this declaration.*

[ ]    **BY PERSONAL SERVICE** - Such envelope(s) were delivered by hand to the individuals listed above.

[X]    **STATE** - I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on May 14, 2008, at La Jolla, California.

Marcie Hawkins

---

PROOF OF SERVICE

SanDiego 35864.1

**PROOF OF SERVICE**
(C.C.P. § 1013(a) and § 2015.5)

STATE OF CALIFORNIA    )
                       )
COUNTY OF SAN DIEGO    )

I am employed in the County of San Diego, State of California. I am over the age of eighteen years and not a party to the within action. I am employed with the law offices of Fisher & Phillips LLP and my business address is 4225 Executive Square, Suite 950, La Jolla, California 92037.

On May 14, 2008, I caused the within document(s) entitled: **DEFENDANT SEPRACOR INC.'S NOTICE OF REMOVAL OF ACTION TO THE UNITED STATES DISTRICT COURT OF THE SOUTHERN DISTRICT OF CALIFORNIA;** to be served on all interested parties in this action by placing [ ] the original / *[X] a true copy* thereof, in a sealed envelope addressed as follows:

| | |
|---|---|
| Michael K. Newlee, Esq. | Attorney for Plaintiff |
| Law Office of Michael K. Newlee | Amy Sherlock |
| 3990 Old Town Avenue, Suite 200A | |
| San Diego, CA 92110 | |
| 619/291-2866 fax | |

[X]   **MAIL** - I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at La Jolla, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing an affidavit.

[ ]   **FAX** - I caused the document(s) listed above to be telefaxed to the aforementioned facsimile number(s).
*The facsimile machine I used complied with California Rules of Court, Rule 2003(3) and no error was reported by the machine. Pursuant to California Rules of Court, Rule 2005(i), I caused the machine to print a transmission record of the transmission, a copy of which is attached to this declaration.*

[ ]   **BY PERSONAL SERVICE** - Such envelope(s) were delivered by hand to the individuals listed above.

[X]   **STATE** - I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on May 14, 2008, at La Jolla, California.

Marcie Hawkins

SanDiego 35864.1

**UNITED STATES
DISTRICT COURT**
SOUTHERN DISTRICT OF CALIFORNIA
SAN DIEGO DIVISION

**# 150903    — MB**

**May 14, 2008
15:57:10**

**Civ Fil Non-Pris**
USAO #.: 08CV0865 CIVIL FILING
Judge..: WILLIAM Q HAYES
Amount.:                    $350.00 CK
Check#.: BC510

**Total—>   $350.00**

FROM: AMY SHERLOCK VS SEPRACOR INC

JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.  (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| AMY SHERLOCK | SEPRACOR INC |

| (b) County of Residence of First Listed Plaintiff  San Diego | County of Residence of First Listed Defendant |
|---|---|
| (EXCEPT IN U.S. PLAINTIFF CASES) | (IN U.S. PLAINTIFF CASES ONLY) |
| | NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED. |

FILED

08 MAY 14 PM 3: 54

SOUTHERN DISTRICT OF CALIFORNIA

'08 CV 0865 WQH LSP

| (c) Attorney's (Firm Name, Address, and Telephone Number) | Attorneys (If Known) |
|---|---|
| Michael K. Newlee, 3990 Old Town Ave. Ste 200A, San Diego, CA 92110 | Christopher C. Hoffman, Megan C. Winter, Fisher & Phillips, 4225 Executive Sq. Ste 950, La Jolla, CA 92037 |

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1  U.S. Government Plaintiff
- ☐ 2  U.S. Government Defendant
- ☐ 3  Federal Question (U.S. Government Not a Party)
- ☒ 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff
(For Diversity Cases Only)                                         and One Box for Defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine | Safety/Health | | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Act | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract | Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | ☐ 730 Labor/Mgmt.Reporting | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury | & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☒ 442 Employment | ☐ 791 Empl. Ret. Inc. | or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | Security Act | ☐ 871 IRS—Third Party | ☐ 895 Freedom of Information |
| ☐ 240 Torts to Land | Accommodations | | 26 USC 7609 | Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | **IMMIGRATION** | | ☐ 900Appeal of Fee Determination |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 462 Naturalization Application | | Under Equal Access |
| | Employment | ☐ 463 Habeas Corpus - | | to Justice |
| | ☐ 446 Amer. w/Disabilities - | Alien Detainee | | ☐ 950 Constitutionality of |
| | Other | ☐ 465 Other Immigration | | State Statutes |
| | ☐ 440 Other Civil Rights | Actions | | |

**PRISONER PETITIONS**
- ☐ 510 Motions to Vacate Sentence
- **Habeas Corpus:**
- ☐ 530 General
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

**PERSONAL INJURY**
- ☐ 362 Personal Injury - Med. Malpractice
- ☐ 365 Personal Injury - Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

## V. ORIGIN (Place an "X" in One Box Only)

- ☐ 1 Original Proceeding
- ☒ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 U.S.C. section 1332

Brief description of cause:
Alleged wrongful termination in violation of public policy.

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY

(See instructions):
JUDGE                          DOCKET NUMBER

DATE
5/14/2008

SIGNATURE OF ATTORNEY OF RECORD
Megan C. Winter

FOR OFFICE USE ONLY

RECEIPT # 158903   AMOUNT $350—   APPLYING IFP           JUDGE           MAG. JUDGE

05/14/08 TB