UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMY SHERLOCK, an individual,<br><br>    Plaintiff,<br><br>    v.<br><br>SEPRACOR, INC.; and DOES 1 TO 50, inclusive,<br><br>    Defendants. | Civil No.   08cv0865-WQH (POR)<br><br>**SCHEDULING ORDER REGULATING DISCOVERY AND OTHER PRETRIAL PROCEEDINGS** |

The Court held a Case Management Conference on August 20, 2008.  Michael K. Newlee, Esq. appeared on behalf of Plaintiff, and Chris Hoffman, Esq. appeared on behalf of Defendant. After consulting with the parties and being advised of the status of the case, and good cause appearing, IT IS HEREBY ORDERED:

1.    Any motion to join other parties, to amend the pleadings, or to file additional pleadings shall be filed on or before **September 22, 2008**.

2.    A Mandatory Settlement Conference shall be conducted on **February 20, 2009,** at **10:00 a.m.**, in the chambers of the Honorable Judge Louisa S. Porter.  Counsel shall exchange and lodge settlement statements, directly with Judge Porter's chambers on or before **February 13, 2009**. The settlement statements should include a neutral factual statement of the case, identify controlling legal issues, and concisely set out issues of liability and damages, including any settlement demands and offers to date and addressing special and general damages where applicable.  The settlement statements shall not be filed with the Clerk of the Court and may be lodged with chambers via e-mail to: efile_Porter@casd.uscourts.gov.

1    All parties and claims adjusters for insured defendants and representatives <u>with complete</u>
2    <u>authority</u>[1] to enter into a binding settlement, as well as the principal attorney responsible for the
3    litigation, shall be present and legally and factually prepared to discuss and resolve the case at the
4    settlement conference. Corporate counsel and/or retained outside corporate counsel **shall not** appear
5    on behalf of a corporation as the party who has the authority to negotiate and enter into a settlement.
6    The parties must be legally and factually prepared to discuss and resolve the case at the mandatory
7    settlement conference.  All conference discussions will be informal, off the record, privileged and
8    confidential.

9    Mandatory settlement conferences shall not be rescheduled without a showing of good cause
10   and adequate notice to the Court.  If counsel wish to reschedule this conference, they shall contact
11   the Court at least ten 10 days prior to the conference.  Absent exceptional circumstances, the Court
12   will not reschedule this conference with less than ten 10 days' notice.  <u>Only in extreme</u>
13   <u>circumstances will the Court reschedule a mandatory settlement conference with less than 24 hours'</u>
14   <u>notice.</u>

15   3.    All **percipient** discovery shall be completed on or before **February 23, 2009**.
16   *"Completed"* means that all discovery under Federal Rules of Civil Procedure 30-36 must be
17   initiated a sufficient period of time in advance of the cut-off date, so *that it may be completed* by the
18   cut-off date, taking into account the times for services, notice, and response as set forth in the
19   Federal Rules of Civil Procedure.  All disputes concerning discovery shall be brought to the
20   attention of this Court no later than thirty days following the date upon which the event giving rise

---

[1] "Complete authority" to settle means that the individuals at the settlement conference must be authorized to fully explore settlement options and to agree at that time to any settlement terms acceptable to the parties. <u>G. Heileman Brewing Co., Inc. v. Joseph Oat Corp.</u>, 871 F.2d 648 (7th Cir. 1989).  The person needs to have "unfettered discretion and authority" to change the settlement position of a party. <u>Pitman v. Brinker Intl., Inc.</u>, 216 F.R.D. 481, 485-486 (D. Ariz. 2003).  The purpose of requiring a person with unlimited settlement authority to attend the conference includes that the person's view of the case may be altered during the face to face conference. Id. at 486. A limited or a sum certain of authority is not adequate. <u>Nick v. Morgan's Foods, Inc.</u>, 270 F.3d 590 (8th Cir. 2001).

to the discovery dispute occurred. Counsel shall meet and confer pursuant to the requirements of Federal Rule of Civil Procedure 26 and Local Rule 26.1(a) before contacting the Court regarding discovery disputes.

      4. On or before **February 9, 2009**, all parties shall exchange with all other parties a list of all expect witnesses expected to be called at trial. The list shall include the name, address, and phone number of the expert and a brief statement identifying the subject areas as to which the expert is expected to testify. The list shall also include the normal rates the expert charges for deposition and trial testimony.

      5. On or before **February 27, 2009**, any party may supplement its expert designation in response to any other party's expert designation so long as that party has not previously retained an expert to testify on that subject.

      6. Each expert witness designated by a party shall prepare a written report to be provided to all other parties no later than **March 13, 2009**, containing the information required by Federal Rule of Civil Procedure 26(a)(2)(A) and (B).

*Except as specifically provided below, any party that fails to make these disclosures shall <u>not</u>, absent substantial justification, be permitted to use evidence or testimony not disclosed at any hearing or at the time of trial. In addition, the Court may impose sanctions as permitted by Federal Rule of Civil Procedure 37(c).*

      7. Any party, through any expert designated, shall in accordance with Federal Rules of Civil Procedure 26(a)(2)(C) and 26(e), supplement any of its expert reports regarding evidence intended solely to contradict or rebut evidence on the same subject matter identified in an expert report submitted by another party. Any such supplemental reports are due on or before **March 27, 2009**.

      8. All **expert** discovery shall be completed on or before **April 20, 2009**. *"Completed"* means that all discovery under Federal Rules of Civil Procedure 30-36 must be initiated a sufficient period of time in advance of the cut-off date, so *that it may be completed* by the cut-off date, taking into account the times for services, notice, and response as set forth in the Federal Rules of Civil Procedure. All disputes concerning discovery shall be brought to the attention of this Court no later

than thirty days following the date upon which the event giving rise to the discovery dispute occurred. Counsel shall meet and confer pursuant to the requirements of Federal Rule of Civil Procedure 26 and Local Rule 26.1(a) before contacting the Court regarding discovery disputes.

9. All motions, other than motions to amend or join parties, or motions in limine, shall be **FILED** on or before **July 20, 2009**.

Motions will not be heard or calendared unless counsel for the moving party has obtained a motion hearing date from the law clerk of the judge who will hear the motion. Be advised that the parties must file their moving papers within three days of receiving the motion hearing date from the Court. Be further advised that the period of time between the date you request a motion date and the hearing date may be **up to three months**. Please plan accordingly. Motions will **not** be heard on the above date unless you have obtained that date **in advance** from the judge's law clerk.

Briefs or memoranda in support of or in opposition to any pending motion shall not exceed 25 pages in length without permission of the judge or magistrate judge who will hear the motion. No reply memorandum shall exceed 10 pages without leave of the judge or magistrate judge who will hear the motion.

Pursuant to Civil Local Rule 7.1(f)(3)(c), if an opposing party fails to file opposition papers in the time and manner required by Civil Local 7.1(e)(2), that failure may constitute a consent to the granting of a motion or other request for ruling by the court. Accordingly, all parties are ordered to abide by the terms of Local Rule 7.1(e)(2) or otherwise face the prospect of any pretrial motion being granted as an unopposed motion pursuant to Civil Local Rule 7.1(f)(3)(c).

10. Despite the requirements of Local Rule 16.1(f), neither party is required to file Memoranda of Contentions of Fact and Law in a jury trial. In a bench trial, counsel shall file Memoranda of Contentions of Fact and Law with the Clerk of the Court and serve copies on opposing counsel on or before **October 26, 2009**.

11. All parties or their counsel shall fully comply with the Pretrial Disclosure requirements of Federal Rule of Civil Procedure 26(a)(3) on or before **October 26, 2009**. *Failure to comply with these disclosures requirements could result in evidence preclusion or other sanctions under Federal Rule of Civil Procedure 37.*

12. Counsel shall meet together and take the action required by Local Rule 16.1(f)(5) on or before **November 2, 2009**. At this meeting, counsel shall discuss and attempt to enter into stipulations and agreements resulting in simplification of the triable issues. Counsel shall exchange copies and/or display all exhibits other than those to be used for impeachment. The exhibits shall be prepared in accordance with Local Rule 16.1 (f)(3)(c). Counsel shall note any objections they have to any other parties' Pretrial Disclosures under Federal Rule of Civil Procedure 26(a)(3). Counsel shall cooperate in the preparation of the proposed pretrial conference order.

13. The proposed final pretrial conference order, including objections any party has to any other parties' Rule 26(a)(3) Pretrial Disclosures shall be prepared, served and lodged with the Clerk of the Court on or before **November 9, 2009**, and shall be in the form prescribed in and in compliance with Local Rule 16.1 (f)(6). Counsel shall also bring a copy of the pretrial order to the pretrial conference for the Court.

14. The final pretrial conference shall be held before the **Honorable William Q. Hayes**, on **November 16, 2009**, at **11:00 a.m**.

15. The dates and times set forth herein will not be further modified except for good cause shown.

16. Counsel for Plaintiff shall serve a copy of this order on any parties that enter this case hereafter.

17. Counsel are directed to the court's website, www.casd.uscourts.gov, for review of the chambers' rules of the assigned District Judge.

DATED: August 27, 2008

_____
LOUISA S PORTER
United States Magistrate Judge

cc: The Honorable William Q. Hayes
   All parties